UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT JOHN STEUERNAGEL, JR.,

        Plaintiff,

                                        Case No. 22-cv-0593-bhl

    v.

MARTIN J. O'MALLEY,[1]
Commissioner of Social Security,

        Defendant.

---

## ORDER

---

On July 24, 2023, the Court entered judgment in this case, affirming the then Acting Commissioner of the Social Security Administration's decision to deny Plaintiff Robert John Steuernagel, Jr.'s' application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. (ECF No. 31.) Steuernagel then appealed to the Seventh Circuit, where the case is currently pending. (ECF No. 32.) On February 20, 2024, the Commissioner filed an unopposed motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from a final judgment for "any [] reason that justifies relief." (ECF No. 40.) According to the Commissioner, "after considering the arguments raised by Mr. Steuernagel on appeal, the Commissioner determined . . . that this matter should be remanded back to the Administrative Law Judge (ALJ) so that he could, *inter alia*, reconsider the medical opinions and past administrative medical findings. (*Id.* at 2.) If both sides seek a remand for further consideration by the ALJ, this Court sees no reason not to acquiesce.

But the procedural posture of this case poses an obstacle to the parties' request. Because the case is presently on appeal, this Court lacks jurisdiction to grant Rule 60(b)(6) relief, but it

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

may "consider the Commissioner's motion." *Brown v. United States*, 976 F.2d 1104, 1110 (7th Cir. 1992). In these circumstances, the proper course is to either deny relief, or "if the court is inclined to grant relief, to so indicate so that [the court of appeals] may order a speedy remand." *Id.* at 1110-11. This practice was codified in Federal Rule of Civil Procedure 62.1, which provides, in relevant part: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). The Commissioner's motion is timely. Motions filed under Rule 60(b) "must be made within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The pending motion arrived about seven months after the entry of judgment as soon as the Commissioner realized it was necessary. (ECF No. 40 at 2.) And considering that the parties agree that relief from judgment is appropriate, (*id.* at 3), the Court is inclined to grant it.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Unopposed Motion for Relief from Judgment (ECF No. 40) that is barred by a pending appeal pursuant to Federal Rule of Civil Procedure 62.1(a)(3) is **GRANTED**. The Court indicates that it is inclined to grant relief from its July 24, 2023 judgment should the court of appeals remand for that purpose.

Dated at Milwaukee, Wisconsin on February 21, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge