UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT JOHN STEUERNAGEL, JR.,

        Plaintiff,

                                      Case No. 22-cv-0593-bhl

    v.

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

       Plaintiff Robert John Steuernagel, Jr. sought review of an Administrative Law Judge's (ALJ) decision denying his applications for disability insurance benefits pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) On July 24, 2023, following briefing by the parties, the Court entered judgment in favor of the Commissioner of Social Security and Plaintiff then filed a timely notice of appeal. (ECF Nos. 31 & 32.) On February 20, 2024, the Commissioner filed an unopposed motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from a final judgment for "any reason that justifies relief." (ECF No. 40 at 2.) According to the Commissioner, "after considering arguments raised by Mr. Steuernagel on appeal, the Commissioner determined . . . that this matter should be remanded back to the Administrative Law Judge (ALJ) so that he could, *inter alia*, reconsider the medical opinions and past administrative medical findings. (*Id.*) On February 21, 2024, the Court granted the Commissioner's unopposed motion for relief from judgment and issued an order pursuant to Federal Rule of Civil Procedure 62.1(a)(3), indicating that it would grant the Commissioner's unopposed motion for relief from judgment if it had jurisdiction to do so. (ECF No. 41.) On March 1, 2024, the Seventh Circuit remanded this case for proceedings consistent with that Order. (ECF No. 42.) On March 4, 2024, the Court granted the Commissioner's unopposed motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(6), ECF No. 40, and vacated the judgment

entered in this case. (ECF No. 43.) Pursuant to the parties' stipulation, the Court awarded Plaintiff $15,500.00 (fifteen thousand five hundred dollars) for attorney's fees and expenses in full satisfaction of any and all claims that may be payable to Plaintiff in connection with the Seventh Circuit appeal in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 47.) That payment was to be made to Plaintiff's appellate counsel, Frederick J. Daley, Jr. (*Id.* at 1.)

Plaintiff has now filed a motion for attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412, in connection the federal district court appeal seeking $11,562.28.[1] (ECF No. 48). This fee total represents 51 hours of attorney time. (*Id.* at 1; ECF No. 50-1 at 1–2.) Plaintiff's motion is supported by the declaration of Attorney Vincent Angermeier, who also submitted the assignment of the EAJA fee. (ECF Nos. 49-1 & 50.)

The Commissioner does not contest that Plaintiff is entitled to receive attorney's fees pursuant to the EAJA because Plaintiff is the prevailing party in this action under *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) nor does the Commissioner contest that Plaintiff's motion is brought within the time limit stated in 28 U.S.C. § 2412(d)(1)(B). The Commissioner contends that the 51 hours that Plaintiff's counsel billed for the unsuccessful district court litigation are not reasonable but acknowledges that Plaintiff ultimately obtained a positive result. (ECF No. 51 at 2–3.) The Commissioner argues that Plaintiff's argument that the ALJ was biased, and his conduct violated the Due Process Clause of the United States Constitution detracted from the other issues in the case and was not reasonably necessary to effectively represent the plaintiff. (*Id.* at 4.) The Commissioner maintains that Plaintiff's counsel should not be compensated for the time spent on this argument and requests that the Court discount counsel's fees accordingly to $8,357.18. (*Id.* at 5.) The Commissioner also contends that Plaintiff failed to support his inclusion of paralegal time compensated at the same rate as work performed by attorneys, which is not reimbursable at the same rate as attorney time.[2] (*Id.* at 4–5.)

Here, the Commissioner does not dispute Plaintiff's contention that the government's position was not substantially justified and stipulated to a remand. "The proceeding to recover

---

[1] In his reply brief, Plaintiff clarified that he is seeking $11,562.28 in EAJA fees and acknowledged that the $13,160 figure that appears in portions of his motion is incorrect. (ECF No. 55 at 2.)

[2] In response to this argument, Plaintiff's counsel consents to the deduction of 0.1 hours of paralegal time on September 28, 2022. (*See* ECF No. 50-1 at 1.) The new total would then be $11,540.06 down from $11,562.28. (ECF No. 56 at 2.)

fees under the [Equal Access to Justice] Act is intended to be a summary; it is not intended to duplicate in complexity a public utility commission's rate of return proceeding." *Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007) (quoting *Cont'l Web Press, Inc. v. NLRB*, 767 F.2d 321, 323 (7th Cir. 1985)). As Plaintiff's motion notes and the Commission fails to dispute, the 50.9 hours requested by counsel are well within the norm for a fully litigated Social Security appeal. *See Harris v. Barnhart*, 259 F. Supp. 2d 775, 783 (E.D. Wis. 2003) (collecting cases approving fees in the 54–66-hour range); *Cummings v. Berryhill*, No. 14 CV 10180, 2017 WL 926766, *2 (N.D. Ill. Mar 8, 2017) ("The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours.") (quoted source omitted).

In *Jensen v. Berryyhill*, the Court deemed the requested fees reasonable where the Commissioner did "not contest that plaintiff's counsel billed for more time than is usually spent on similar matters." 343 F. Supp. 3d 860, 864 (E.D. Wis. 2018). The Court agrees with Plaintiff that if the total hours are reasonable, "the Court typically stops there." (ECF No. 55 at 4.) And, the detail provided by Plaintiff's counsel in his declaration, that alerted the Commissioner to the time spent on a particular issue, although preferable, appears not to be required by the agency in fee petitions. An attorney is permitted to simply label a time entry as "preparation of brief." *See Jensen,* 343 F. Supp. 3d at 864, n.2 (citing *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, *5 (N.D. Ill. May 28, 2010) (quoting the Program Operations Manual Sys. (POMS) GN 03930.020(D)(3)). Although the Court does sometimes reduce requested EAJA fees for submitting entire filings that are unnecessary, that is not the case here *See Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1094–95 (E.D. Wis. 2003) (filing brief after government conceded error).

Steuernagel's bias arguments were presented in the brief to the Seventh Circuit, ECF No. 55-1 at 33–43, and the Commissioner admitted that after "considering arguments raised," he "reconsidered his appellate strategy." (ECF No. 40 at 2.) Plaintiff persuasively argues that the Commissioner provides no evidence supporting his contention that the bias arguments played no role in the Commissioner's choice to abandon the case on appeal. (ECF No. 55 at 1.) And, the Commissioner stipulated to $15,500 in appellate fees where the bias argument was presented. Accordingly, the Court finds Plaintiff's attorney's fees of $11,540.06 to be reasonable.

On July 17, 2024, Plaintiff submitted a second verified motion for additional attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d), seeking supplemental compensation for the additional time spent defending the EAJA motion in the amount of $2,480.82 for 10.6 hours. (ECF

Nos. 55 at 10–11 & 56.)  The Commissioner did not file a response to Plaintiff's second motion. The additional hours spent by Plaintiff are compensable.  *Comm'r, I.N.S v. Jean*, 496 U.S. 154, 161–62 (1990) ("the EAJA–like other fee-shifting statutes–favors treating a case as an inclusive whole, rather than as atomized line-items").  Plaintiff acknowledges that the hours spent preparing the reply brief are above average but not without precedent.  *See Verlee v. Colvin*, No. 1:12-CV-45-TLS, 2013 WL 6063243, at *7 (N.D. Ind. Nov. 18, 2013) (deeming 13.2 hours billed defending the fee motion reasonable).  The Court finds that the time spent here is reasonable given the nature of the issues and the length of the submission.  The Court will therefore grant Plaintiff's second motion for attorney's fees and award total fees of $14,020.88 ($11,540.06 + $2,480,82).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, ECF No. 48, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Verified Motion for Additional Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), ECF No. 56, is **GRANTED,** and Plaintiff's counsel is awarded $14,020.88 to be paid after all debt owed to the United States has been paid.

Dated at Milwaukee, Wisconsin on September 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge